**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| LEYDI MANCIA, | No. 12-73336 |
| Petitioner, | Agency No. A089-981-473 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 18, 2014[**]

Before:     ALARCÓN, O'SCANNLAIN, and FERNANDEZ, Circuit Judges.

Leydi Mancia, a native and citizen of El Salvador, petitions for review of the

Board of Immigration Appeals' order dismissing her appeal from an immigration

judge's decision denying her motion to reopen removal proceedings held in

absentia. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

discretion the denial of a motion to reopen. *Sembiring v. Gonzales*, 499 F.3d 981, 985 (9th Cir. 2007). We deny the petition for review.

The agency did not abuse its discretion in denying Mancia's motion to reopen where she failed to overcome the presumption of effective delivery of her notice of hearing, *see id*. at 986-88, and failed to establish that the alleged ineffective assistance of an immigration consultant constituted an exceptional circumstance warranting rescission of her in absentia removal order, *cf. Monjaraz-Munoz v. INS*, 327 F.3d 892, 896 (9th Cir. 2003) (petitioner must show the alleged ineffective assistance was the cause of her failure to appear for her hearing).

The agency also did not abuse its discretion in denying Mancia's motion to reopen based on the alleged ineffective assistance of her two former attorneys where she failed to comply with the threshold requirements of *Matter of Lozada*, 19 I. & N. Dec. 637 (BIA 1988), and she does not contend that the alleged ineffective assistance was "plain on the face of the administrative record." *See Castillo-Perez v. INS*, 212 F.3d 518, 525 (9th Cir. 2000).

**PETITION FOR REVIEW DENIED.**